UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-cr-00541 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 46 & 47] |
| v. | : | |
| | : | |
| ZIAIRE DUFFY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On February 5, 2019, Ziaire Duffy pleaded guilty to seven drug-possession charges and one firearms-possession charge.[1] On June 24, 2019, the Court sentenced him to 270 months for each drug-possession charge and 120 months for the firearms-possession charge, to be served concurrently.[2]

On July 20, 2020, the Sixth Circuit affirmed the Court's judgment.[3]

Duffy now moves pro se to "be reinstated or reopened" under Federal Rule of Civil Procedure 60(b).[4] He also moves for free transcripts of his sentencing and plea-change hearings and a copy of his presentencing report.[5]

Because Duffy's Rule 60(b) motion presents a collateral attack on his sentence, the Court **DENIES** it without prejudice so that Duffy may properly refile it under 28 U.S.C. § 2255. And because the court reporter has already filed the requested transcripts, the Court **DENIES** his motion for free transcripts as moot.

---

[1] Doc. 40.
[2] Doc. 31 at 1–3.
[3] *United States v. Duffy,* 821 F. App'x 483, 489 (6th Cir. 2020).
[4] Doc. 46.
[5] Doc. 47.

Case No. 18-cr-541
GWIN, J.

### Rule 60(b) and § 2255

The Rules of Civil Procedure do not apply to criminal cases like Duffy's.[6] To attack his sentence, Duffy may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. So, the Court denies his motion without prejudice so that Duffy can properly refile.

The Court will briefly address § 2255's unique procedural implications.[7]

First, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the number of § 2255 motions a prisoner can file.[8] "AEDPA ensures 'every prisoner *one* full opportunity to seek collateral review … .'"[9]

For the Court to consider a "second or successive" motion, a court of appeals would have to certify that the motion relies on either (1) newly discovered, previously unavailable evidence, or (2) a new constitutional rule that applies retroactively to collateral-review cases.[10] So, Duffy must address every ground he believes justifies modifying his sentence in his § 2255 motion to avoid forfeiting potential arguments.

Second, under AEDPA, an inmate has one year to file a § 2255 motion.[11] That year generally starts from the date the defendant's conviction becomes final.[12] When a

---

[6] *See* FED. R. CIV. P. 1.
[7] *See Castro v. United States*, 540 U.S. 375, 377 (2003) ("[T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."). Although the Court dismisses rather than recharacterizes Duffy's motion here, *Castro*'s reasoning supports advising Duffy of the "serious consequences" that result from an incomplete § 2255 motion. *See id.*
[8] Antiterrorism & Effective Death Penalty Act of 1996, P.L. 104–132, April 24, 1996, 110 Stat. 1214; 28 U.S.C. § 2255(h).
[9] *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002) (Sotomayor, J.) (emphasis added) (quoting *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999) (Easterbrook, J.)).
[10] 28 U.S.C. § 2255(h).
[11] 28 U.S.C. § 2255(f).
[12] *Id.*

Case No. 18-cr-541
GWIN, J.

defendant appeals the trial court's judgment but does not seek Supreme Court review, his conviction becomes final 90 days after the appellate court's judgment.[13]

The Court notes without deciding that Duffy's time to file a § 2255 motion appears to have expired on September 18, 2021.

Unless an exception to AEDPA's one-year limit should apply, the Court cannot consider an untimely motion's merits. So, Duffy should address any limitations exceptions in his refiled motion.[14]

### Free Transcripts

Court reporters may ordinarily charge a fee to parties who request a transcript of proceedings.[15] This fee compensates the reporter for generating a fileable transcript.

But if an inmate challenges his sentence under § 2255 in forma pauperis, and the Court certifies that the motion "is not frivolous" and that a "transcript is needed to decide" the motion, the United States will pay the court reporter's fee.[16]

Duffy does not need to move the Court for free sentencing and plea-colloquy transcripts because the court reporter has already filed those transcripts.[17] The Court appends the requested documents to this order.

---

[13] *Clay v. United States*, 537 U.S. 522, 525 (2003).
[14] The Court recently explained two reasons that a § 2255 motion can be timely even if filed more than a year after judgment becomes final. *See United States v. Sloan*, No. 20-cr-285, 2022 WL 4080631 (N.D. Ohio Sept. 6, 2022). First, if the government illegally prevents an inmate from filing a § 2255 motion, the one-year limit runs from when the government impediment ends. *See id.* at *2 ("First, petitioner must say that an impediment prevented him from filing on time. Then, he must explain how the government's illegal actions created that impediment. Finally, he must point out how the impediment caused him to untimely file."). Second, if extraordinary circumstances prevent timely filing, the Court equitably tolls the limit for the time those circumstances prevented filing. *See id.* at *2–3 ("For equitable tolling to apply, a petitioner must show that an extraordinary circumstance caused his untimely filing and that he otherwise pursued his claims diligently.").
[15] 28 U.S.C. § 753(f).
[16] *Id.*
[17] Docs. 34, 40. The Court therefore need not decide whether Duffy's motion is frivolous or whether resolving the motion requires the transcript. Nor does the Court need to decide whether Duffy qualifies to proceed in forma pauperis, despite not filing an affidavit of assets with the Court. *See* 28 U.S.C. § 1915(a)(1).

Case No. 18-cr-541
GWIN, J.

In sum, the Court **DENIES** Duffy's Rule 60(b) motion without prejudice and **DENIES** his free-transcript motion as moot.

IT IS SO ORDERED.

Dated: November 2, 2022                                  *s/       James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE